# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

TIMOTHY COAN,
   Appellant,

  v.

DEPARTMENT OF VETERANS
 AFFAIRS,
   Agency.

DOCKET NUMBER
NY-0752-14-0300-C-1

DATE: July 27, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

Timothy Coan, Patchogue, New York, pro se.

Jack P. DiTeodoro, Esquire, Brooklyn, New York, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## ORDER

¶1  The agency has filed a petition for review of the compliance initial decision, which granted the appellant's petition for enforcement. For the reasons set forth below, we GRANT the agency's petition for review with respect to the relief granted to the appellant, VACATE the compliance initial decision's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

compliance order, and AFFIRM the compliance initial decision as MODIFIED by this Order finding that: (1) the agency failed to restore the appellant to the status quo ante because the agency did not show a strong overriding interest or compelling reason to assign the appellant to a position other than the one he encumbered at the time of his indefinite suspension; and (2) the appellant was entitled only to reinstatement to his former position from the effective date of his reassignment until the date of his resignation. We refer the petition for enforcement to the Board's Office of General Counsel to obtain compliance with the parties' settlement agreement and issuance of a final decision. *See* 5 C.F.R. § 1201.183(c). We FORWARD the appellant's claim of involuntary resignation to the Board's New York Field Office for docketing as a separate appeal.

## BACKGROUND

¶2    In June 2014, the appellant timely filed an appeal contesting the agency's decision to indefinitely suspend him from his position as a Police Officer based on a criminal charge pending against him. MSPB Docket No. NY-0752-14-0300-I-1, Initial Appeal File (IAF), Tab 1. In August 2014, the parties executed a settlement agreement, which provided that in exchange for the appellant's withdrawing his appeal and any other causes of action pending against the agency, the agency agreed to rescind the indefinite suspension, expunge all references regarding the indefinite suspension from his personnel file, restore him to the status quo ante with no break in service, and pay him back pay and adjust his benefits in accordance with Office of Personnel Management (OPM) regulations. IAF, Tab 8; MSPB Docket No. NY-0752-14-0300-C-1, Compliance File (CF), Tab 1 at 2-4. Also in August 2014, the administrative judge issued an initial decision incorporating the settlement agreement into the record for enforcement purposes in accordance with the terms of the agreement and dismissing the initial appeal. IAF, Tab 9, Initial Decision (ID). In dismissing the appeal, the administrative judge found that the Board had jurisdiction over the

initial appeal, the settlement agreement was lawful, and the parties understood the terms of the agreement and had freely entered into the agreement. *Id.*

¶3        In May 2015, the appellant timely filed a petition for enforcement alleging that the agency had breached the settlement agreement.[2]  CF, Tab 1 at 1.  The appellant asserted that the parties had agreed that he would be placed in an administrative leave status until the disposition of his pending criminal charge, and at that time he would either be returned to full duty or remain in an administrative leave status.[3]  *Id.*  The appellant also alleged that in January 2015, he notified the agency that his criminal charge was resolved through an adjournment in contemplation of dismissal, but the agency did not return him to duty as a Police Officer, GS-0083-06, in the Police Service.  *Id.* at 1, 5, 11.  Instead, the agency notified him in May 2015, that it was reassigning him to the position of Secretary, GS-0318-06, in the Emergency Management Service, effective May 17, 2015.  *Id.* at 1, 5.  The appellant argued that, because he was not found guilty of the criminal charge, he should have been returned to full duty rather than reassigned. *Id.* at 1.

¶4        The agency filed a response disputing that it had breached the settlement agreement.  CF, Tab 3.  The agency argued that it had reinstated the appellant to his Police Officer position as of the effective date of the settlement agreement and completed its other obligations under the agreement, and that the agreement did not bar a later reassignment.  *Id.* at 2.  The agency further alleged that in February 2015, the agency's Law Enforcement Training Center (LETC) issued a decision revoking the appellant's badge and credentials, and because the ability to hold a badge and credentials are a required qualification for a police officer, the

[2] The administrative judge found that the appellant's petition for enforcement was timely filed, the agency has not challenged that finding, and we see no reason to disturb it.  CF, Tab 17, Compliance Initial Decision at 1.

[3] As discussed below, *see infra* ¶ 13, this particular agreement is not reflected in the executed settlement agreement.

appellant could no longer occupy his position, and the agency reassigned him to a different position. *Id.* at 3. The administrative judge subsequently ordered the agency to submit evidence of compliance with the agreement. CF, Tab 4. The agency submitted a copy of the appellant's electronic official personnel file to show that his record did not mention the indefinite suspension. CF, Tab 7. The agency also acknowledged that it had placed the appellant in an administrative leave status pending the outcome of the criminal charge, but that upon resolution of the charge, the agency reassigned him to another position, and that the settlement agreement did not preclude the agency from placing him in an administrative leave status or reassigning him. *Id.* at 1.

¶5       In June 2016, the appellant asked the administrative judge about the status of his petition for enforcement and notified her that he had resigned from the Secretary position as a result of the financial burden of losing his night pay, weekend pay, and 12-hour shifts, which had allowed him to work at a second job. CF, Tab 11 at 1-2. Also in June 2016, the appellant submitted a letter to the administrative judge in which he requested reinstatement to his Police Officer position, back pay, and reimbursement for the leave he had taken from May 17-August 8, 2015.[4] CF, Tab 14.

¶6       The administrative judge issued a compliance initial decision granting the appellant's petition for enforcement. CF, Tab 17, Compliance Initial Decision (CID). She found that the settlement agreement required the agency to return the appellant to the status quo ante, which required the agency to reinstate him to the position he occupied before the adverse action or to a substantially equivalent

---

[4] The appellant appeared to allege that his last day with the agency was August 8, 2015. CF, Tab 14. On review, the agency submitted a July 28, 2015 letter from the appellant tendering his resignation and a Standard Form 50 effecting the appellant's resignation on July 28, 2015, in support of the agency's argument that the administrative judge erred in restoring the appellant after his July 28, 2015 resignation. Petition for Review (PFR) File, Tab 1 at 7, 19-20. The appellant has not disputed the agency's evidence showing that his resignation was effective on July 28, 2015. PFR File, Tab 3.

position. CID at 5-7. The administrative judge then found that the agency had reassigned the appellant to a different position than the one he previously had held. CID at 6-7. She also found that the agency did not articulate the specific concerns underlying the request for the return of the appellant's badge and credentials, which led to his disqualification from his former position and then reassignment to the Secretary position. CID at 6-7. The administrative judge further found that, even if she were to find that the agency had a strong overriding interest or compelling reason to reassign the appellant to a different position, the agency nevertheless failed to reassign him to a position that was substantially similar to that of a Police Officer, as the positions of Police Officer and Secretary were in different job classification series and agency divisions, and the reassignment resulted in the loss of the appellant's pay differential. CID at 7-8. Thus, the administrative judge concluded that the agency had materially breached the settlement agreement and ordered the agency to reinstate the appellant to the Police Officer position, or to reassign him to a position that is substantially similar to that of a Police Officer, effective May 17, 2015. *Id.*

¶7    The agency has timely filed a petition for review of the compliance initial decision, and the appellant has responded in opposition to the agency's petition. Petition for Review (PFR) File, Tabs 1, 3. As set forth below, we affirm the administrative judge's finding that the agency failed to demonstrate compliance with the settlement agreement; we affirm the compliance initial decision to find that the agency breached the settlement agreement when it reinstated the appellant to a position other than the one he encumbered at the time of his indefinite suspension. We further find that the appellant is entitled to reinstatement to the Police Officer position only from the effective date of the reassignment until the date he resigned from the agency and refer this matter to the Office of General Counsel to obtain compliance. We also find that the appellant has raised a claim of involuntary resignation and forward the claim to the New York Field Office for docketing as a separate appeal.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The agency has failed to demonstrate its compliance with its obligation under the settlement agreement to restore the appellant to the status quo ante.</u>

¶8  The Board has the authority to enforce a settlement agreement that has been entered into the record in the same manner as any final Board decision or order. *Vance v. Department of the Interior*, [114 M.S.P.R. 679](), ¶ 6 (2010).  A settlement agreement is a contract, and the Board will therefore adjudicate a petition to enforce a settlement agreement in accordance with contract law.  *Id.*  In a compliance action based on a settlement agreement, the burden of proving noncompliance rests with the party asserting that the agreement has been breached.  *Raymond v. Department of the Navy*, [116 M.S.P.R. 223](), ¶ 4 (2011).  The appellant, as the party asserting the breach, must show that the agency failed to abide by the terms of the settlement agreement.  *Id.*  The agency nonetheless is required to produce evidence that it has complied with the settlement agreement.  *Id.*

¶9  The administrative judge agreed with the appellant that the agency was in noncompliance with the settlement agreement because the agency did not return him to his former position or to a substantially similar position.  CF, Tab 1 at 1; CID at 5-8.  On review, the agency argues that it complied with the settlement agreement because the revocation of the appellant's badge and credentials, which was a condition of his employment as a Police Officer, was a compelling reason to reassign him to a different position than the one he occupied before the decision to indefinitely suspend him, and it was not feasible to reassign him to a substantially similar position because no other position in the agency performed similar duties.  PFR File, Tab 1 at 7.

¶10  The settlement agreement in this case requires the agency to, among other things, "rescind the June 16, 2014 indefinite suspension of the appellant from his position as a police officer at the VA Medical Center in Northport, New York," and "restore the appellant to the status quo ante."  CF, Tab 1 at 2.  When a term

of art, such as "status quo ante," is used in a settlement agreement, the Board will apply the ordinary meaning of that term found in case law, statute, or regulation, unless it is shown that the parties intended otherwise. *Sweet v. U.S. Postal Service*, 89 M.S.P.R. 28, ¶ 11 (2001). The settlement agreement does not define "status quo ante," and there is no indication that the parties intended to afford the term any meaning other than its ordinary meaning. CF, Tab 1 at 2. Notably, the settlement agreement provides that the appellant is "entitled to all benefits and privileges of employment that he would have received had he not been indefinitely suspended," which is reminiscent of the status quo ante analysis applied by the Board, as set forth below. *Id.* The Board also has held that a status quo ante analysis applies if a settlement agreement includes a term specifying that the employee should be returned to the "status quo ante." *Kuykendall v. Department of Veterans Affairs*, 68 M.S.P.R. 314, 321 n.3 (1995). Accordingly, we apply the ordinary meaning of "status quo ante" to ascertain the extent of the agency's obligation to reinstate the appellant to his former position under the settlement agreement.

¶11        Placing the appellant in the status quo ante means restoring him, as nearly as possible, to the situation he would have been in had the personnel action that formed the basis of the Board appeal not occurred. *Tubesing v. Department of Health & Human Services*, 112 M.S.P.R. 393, ¶ 5 (2009). A return to the status quo ante requires that the agency place the appellant in a position with all the essential privileges of his previous position. *Black v. Department of Justice*, 85 M.S.P.R. 650, ¶ 6 (2000). In particular, the agency must reinstate the appellant to his former position and duties absent a strong overriding interest or compelling reasons for not doing so. *Tubesing v. Department of Health & Human Services*, 115 M.S.P.R. 327, ¶ 5 (2010). When a compelling reason exists for reassigning an appellant to a position other than the one he encumbered at the time of the adverse action at issue, the agency must establish that the duties and responsibilities of the position to which the appellant has been assigned are

substantially equivalent in scope and status to those of the position the appellant previously held. *Id.*, ¶ 7. In determining whether the duties and responsibilities of the appellant's pre- and post-reinstatement positions are substantially equivalent, the Board looks beyond the title and grade of the positions involved and conducts an assessment comparing the scope of the duties and responsibilities of the post-reinstatement position with those of the pre-reinstatement position. *Id.*

¶12    Here, it is undisputed that the appellant occupied the Police Officer position before the agency's decision to effect the indefinite suspension that formed the basis of his initial appeal. CF, Tab 1 at 1; PFR File, Tab 1 at 5. The parties agree that, after the settlement agreement was executed in August 2014, the agency placed the appellant in an administrative leave status, pending the outcome of his criminal case, until reassigning him to Secretary position in May 2015. CF, Tab 1 at 1, Tab 7 at 1; PFR File, Tab 1 at 6. Although the agency alleges that it complied with the settlement agreement by reinstating the appellant to his Police Officer position and retaining him in a paid, non-duty status, placing an appellant in an administrative leave status following the cancellation of an adverse action does not constitute complete rescission of the agency action and thus a return to the status quo ante. PFR File, Tab 1 at 6; *see De Luca v. U.S. Postal Service*, 76 M.S.P.R. 487, 488 (1997) (determining that the agency's explanation that it had placed the appellant in an administrative leave status and had not returned him to his position because it was contemplating reinstating charges against him was not a legitimate basis for its refusal to return him to duty). Thus, we find that the agency did not return the appellant to the status quo ante when it placed him in an administrative leave status.

¶13    Nevertheless, the appellant did not allege below that his placement in an administrative leave status constituted a breach of the settlement agreement; rather, he alleged that upon ending his administrative leave status, the agency

breached the settlement by failing to reinstate him to his Police Officer position.[5] CF, Tab 1 at 1. The agency does not dispute that, upon ending the appellant's placement in an administrative leave status, it did not place him in the position he occupied at the time of his indefinite suspension. PFR File, Tab 1 at 6-7. However, the agency argues that it had a compelling reason to reassign the appellant to a different position, as the agency's LETC revoked the appellant's badge and credentials, which is a condition of his employment as a police officer, so he was no longer qualified to hold that position. *Id.* at 7.

¶14    If an outside event or determination has rendered the appellant incapable of performing the duties of his former position, as long as that incapacity exists, the agency is not obligated to reinstate the appellant to his former position. *Doe v. Department of Justice*, 95 M.S.P.R. 198, ¶ 13 (2003). For example, the Board has held that an agency had a compelling reason not to reinstate an appellant to his former position when he lost the security clearance required for the job he held prior to the adverse action at issue. *LaBatte v. Department of the Air Force*, 58 M.S.P.R. 586, 594 (1993). Similarly, the Board has held that an agency demonstrated a compelling reason to not return an appellant, a criminal investigator, to the same work assignments he formerly performed when the two U.S. Attorneys' Offices in the districts in which the appellant would routinely operate had informed the agency that they would not call him as a witness absent exceptional circumstances, and neither the Board nor the agency had authority over the U.S. Attorneys' Offices. *Doe*, 95 M.S.P.R. 198, ¶¶ 8-9, 15-17. However, the Board may reach a different conclusion when the agency exercises

---

[5] In his petition for enforcement, the appellant asserted that he and the agency had agreed that he would be placed in an administrative leave status until his criminal charge was resolved, and that upon receiving a decision in that matter, he would be returned to duty or remain in an administrative leave status. CF, Tab 1 at 1. The settlement agreement does not reflect this agreement, nor do we consider it as a potential modification of the settlement because the agreement provides that it may not be modified "except by a writing signed by all of the parties," and there is no such writing in the record. *Id.* at 3.

its own discretion in altering the appellant's duties. For example, the Board has held that an agency did not restore the appellant to the status quo ante when the agency did not restore the appellant's special agent badge and credentials, and the grant of those items was within the agency's District Director's discretion. *See Black*, 85 M.S.P.R. 650, ¶¶ 6-8.

¶15      In this case, the agency did not base its decision not to return the appellant to his former position and duties on an event or determination external to the agency. Rather, the Director of the LETC, a division internal to the agency, issued a decision requesting the return of the appellant's badge and credentials based on a January 28, 2015 letter from one of the appellant's supervisors.[6] CF, Tab 1 at 6. The agency argues that this action was taken in accordance with the agency policy set forth in VA Handbook 0730, section 7(b)(4)(a), which provides that "Directors are authorized to suspend the arrest authority of any VA police officer whose judgment or professional competence is in doubt." PFR File, Tab 1 at 7; VA Handbook 0730 § 7(b)(4)(a) (2000), https://www.va.gov/vapubs/search _action.cfm?dType=2 (last visited July 26, 2022).[7] The policy leaves the suspension of an officer's arrest authority to the discretion of the appropriate director, who is under the agency's authority. Thus, the agency exercised its own discretion in suspending the appellant's arrest authority and declining to reinstate him to his former position on that basis.

¶16      The January 28, 2015 letter, on which the Director's request for the return of the appellant's badge and credentials is based, and which the agency submits

---

[6] The letter is incorrectly dated January 28, 2014. PFR File, Tab 1 at 10. The agency states that the letter was sent in January 2015, and the letter refers to events occurring as late as September 26, 2014; thus, we conclude, as did the administrative judge, that the letter was in fact written on January 28, 2015. *Id.* at 6, 10; *see* CID at 7.

[7] Although the agency did not provide a copy of the policy it cited in support of its argument, the policy is publicly available online at the link cited above. PFR File, Tab 1 at 7; *see Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, 443 n.3 (2016) (taking official notice of a publicly available Department of Veterans Affairs directive).

for the first time on review, does not bolster the agency's argument that it had a compelling reason to not reinstate the appellant to his former position. PFR File, Tab 1 at 10. The Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. 5 C.F.R. § 1201.115(d); *see Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The agency has not asserted that the letter was not available during the pendency of the compliance proceeding before the administrative judge, and thus we do not consider it on review. Moreover, the agency has not asserted that the letter identifies an event or determination, from a source over which the agency did not have authority that required the return of the appellant's badge and credentials and thus rendered him incapable of performing his duties. Accordingly, the agency has not set forth a compelling reason for why it did not return the appellant to his former duties as a Police Officer and therefore, it has not returned the appellant to the status quo ante as required under the settlement agreement.[8]

¶17    It is on this basis that we affirm the administrative judge's finding that the agency materially breached the settlement agreement. CID at 8. In light of this finding, we need not reach the issue of whether the agency reinstated the appellant to a substantially equivalent position to that of his former position. *See Tubesing*, 115 M.S.P.R. 327, ¶ 7 (providing that when a compelling reason exists for reassigning an employee to a position other than the one he encumbered at the time of his separation, the agency must establish that the duties and

---

[8] Certainly, an agency may institute a second adverse action based on different charges from those that formed the basis of the adverse action at issue and place the appellant in a paid, non-duty status pending the resolution of the second action, but here the agency has not asserted that it had taken such an action. *See Nelson v. Veterans Administration*, 27 M.S.P.R. 133, 135 & n.2 (1985) (noting that the agency's decision to place the appellant in a paid, non-duty status pending the disposition of another removal action against him did not, by itself, show the agency had failed to comply with the Board's order to reinstate him).

responsibilities of the position to which the employee has been assigned are substantially equivalent to those of his former position).

The appellant is entitled to relief from the date of the agency's breach of the settlement agreement until the date of his resignation, and his claim of involuntary resignation shall be docketed as a separate appeal.

¶18    When an appellant establishes that an agency is in breach of a settlement agreement, he may elect either enforcement of the agreement or rescission of the agreement and reinstatement of his claim on appeal. *West v. Department of the Army*, 96 M.S.P.R. 531, ¶ 12 (2004); *Wonderly v. Department of the Navy*, 68 M.S.P.R. 529, 532 (1995). Here, the appellant initially asked that the administrative judge enforce the agreement by reinstating him to his position as a Police Officer, and in June 2016, he informed the administrative judge that he had resigned from his position due to the financial difficulties stemming from his reassignment to the Secretary position and requested reinstatement and reimbursement for the leave he had taken after his reassignment. CF, Tab 1 at 1, Tab 11 at 1-2, Tab 14 at 1. Upon finding the agency had breached the settlement agreement, the administrative judge ordered the agency to reinstate the appellant to the Police Officer position, or to reassign him to a substantially similar position, effective May 17, 2015, and to pay the appellant back pay and adjust his benefits in accordance with OPM regulations. CID at 8. On review, the agency argues that the administrative judge erred in ordering the appellant's reinstatement beyond July 28, 2015, his voluntary resignation date. PFR File, Tab 1 at 7, 19.

¶19    Enforcing the terms of the settlement agreement would normally require that the Board issue an order directing the agency to cancel the appellant's reassignment, reinstate him to the position of Police Officer, and pay him back pay and benefits retroactive to the date of reassignment. *See Gullette v. U.S. Postal Service*, 77 M.S.P.R. 459, 467 (1998) (ordering the agency to cancel the appellant's reassignment when the Board found the agency had reassigned her in

violation of the settlement agreement). However, the appellant resigned from the agency prior to the issuance of the compliance initial decision, and we find that he is not entitled, as part of the compliance process, to reinstatement after the date of his resignation. *See Collier v. Office of Personnel Management*, 29 M.S.P.R. 38, 41-42 (1985) (stating that the appellant's voluntary retirement was a discrete, intervening factor limiting the appellant's right to reinstatement similar to a subsequent resignation or to an agency action that constitutes an independent basis for an appeal to the Board and is not cancelled by a Board order reversing a preceding agency action), *aff'd*, 795 F.2d 1019 (Fed. Cir. 1986) (Table), *superseded by statute as recognized in Paula v. Social Security Administration*, 119 M.S.P.R. 138, 141-42 (2013); *cf. Armstrong v. Department of Justice*, 107 M.S.P.R. 375, ¶ 13 (2007) (determining that the administrative judge erred in ordering interim relief upon granting the appellant's request for corrective action, as the Board lacked the authority to order the appellant's reinstatement on a permanent or interim basis when he had resigned his position by the time the initial decision was issued and did not claim that his resignation was involuntary or raise such a claim before the Office of Special Counsel), *overruled on other grounds by Edwards v. Department of Labor*, 2022 MSPB 9.

¶20        The appellant is not entitled to be placed in a better position than he would have enjoyed had the breach of the settlement agreement not occurred. *Sink v. Department of Energy*, 110 M.S.P.R. 153, ¶ 19 (2008); *see White v. Delta Construction International, Inc.*, 285 F.3d 1040, 1043 (Fed. Cir. 2002) (stating that a corollary of the principle that the primary objective of damages for breach of contract is to place the non-breaching party "in as good a position pecuniarily as he would have been by performance of the contract" is that the non-breaching party is "not entitled to be put in a better position by the recovery than if the [other party] had fully performed the contract"). Here, the administrative judge's order to reinstate the appellant to his former position did not take into account the effect of his resignation, which separated him from Federal employment. CID

at 8; *see Collier*, 29 M.S.P.R. at 41-42. Thus, the administrative judge erred in ordering the appellant's reinstatement to his former position without limitation, and we vacate the compliance initial decision's compliance order and order the agency to cancel the appellant's reassignment and reinstate him with appropriate back pay and other benefits from the date of the reassignment at issue to the date of his resignation.

¶21    We further find that the appellant's claim that he was forced to resign could constitute a constructive removal claim. Ordinarily, an employee-initiated action, such as a resignation, is presumed to be voluntary and thus outside the Board's jurisdiction. *Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 12 (2010). An involuntary resignation, however, is tantamount to a removal and is thus within the Board's jurisdiction. *Adams v. U.S. Postal Service*, 108 M.S.P.R. 250, ¶ 9 (2008), *aff'd*, 309 F. App'x 413 (Fed. Cir. 2009) (Table). An appellant may overcome the presumption of voluntariness by presenting sufficient evidence to establish that the action was obtained through duress or coercion or show that a reasonable person would have been misled by the agency. *Searcy*, 114 M.S.P.R. 281, ¶ 12. In particular, to establish involuntariness on the basis of coercion, an employee must show that the agency effectively imposed the terms of his resignation, he had no realistic alternative but to resign, and his resignation was the result of improper acts by the agency. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 10, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011). If an employee's working conditions are so intolerable that he is forced to resign, his resignation is involuntary and constitutes a constructive removal. *Id.*

¶22    An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). The administrative judge did not provide the appellant with information concerning what was required to establish Board jurisdiction over a constructive removal claim. Accordingly, we forward the appellant's potential constructive removal claim to the New York Field Office

for docketing as a separate appeal.  *See Searcy v. Department of Agriculture*, 115 M.S.P.R. 260, ¶ 15 (2010) (forwarding the appellant's alleged involuntary resignation claim to the appropriate regional office).  After the claim is forwarded to the field office, the administrative judge shall inform the appellant of his burden of proof to establish that his July 28, 2015 resignation, raised before the Board for the first time on June 27, 2016, was involuntary and of his burden to prove that his claim of involuntary resignation was timely raised or that good cause existed for the delay in raising the claim.  *Id.*; *see also Porter v. Department of Defense*, 98 M.S.P.R. 461, ¶ 17 (2005) (setting forth the appellant's burden to show good cause for an untimely filing).

¶23    Because we have found the agency in noncompliance, the agency is being directed to file evidence of compliance with the Clerk of the Board, and the appellant will be afforded the opportunity to respond to that evidence.  The agency's petition for enforcement will be referred to the Board's Office of General Counsel, and, depending on the nature of the submissions, an attorney with the Office of General Counsel may contact the parties to further discuss the compliance process.  The parties are required to cooperate with that individual in good faith.  Because the purpose of the proceeding is to obtain compliance, when appropriate, an Office of General Counsel attorney or paralegal may engage in ex parte communications to, among other things, better understand the evidence of compliance and any objections to that evidence.  Thereafter, the Board will issue a final decision fully addressing the agency's petition for review of the compliance initial decision[9] and setting forth the parties' further appeal rights and the right to attorney fees, if applicable.

---

[9] The subsequent decision may incorporate the analysis and findings set forth in this Order.

**ORDER**

¶24    We ORDER the agency to submit to the Clerk of the Board within 60 days of the date of this Order satisfactory evidence of compliance.  This evidence shall adhere to the requirements set forth in 5 C.F.R. § 1201.183(a)(6)(i), including submission of evidence and a narrative statement of compliance.  The agency's submission shall demonstrate that it properly cancelled the appellant's reassignment to the position of Secretary, GS-0318-06, and reinstated him to the position of Police Officer, GS-0083-06, for the period from May 17, 2015 to July 28, 2015, and paid the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations.  The agency must serve all parties with copies of its submission.

¶25    The agency's submission should be filed under the new docket number assigned to this compliance referral matter, **MSPB Docket No. NY-0752-14-0030-X-1**.  All subsequent filings should refer to the compliance referral docket number set forth above and should be faxed to (202) 653-7130 or mailed to the following address:

Clerk of the Board
U.S. Merit Systems Protection Board
1615 M Street, N.W.
Washington, D.C. 20419

Submissions may also be made by electronic filing at the Board's e-Appeal site (https://e-appeal.mspb.gov) in accordance with its regulation at 5 C.F.R. § 1201.14.

¶26    The appellant may respond to the agency's evidence of compliance within 20 days of the date of service of the agency's submission.  5 C.F.R. § 1201.183(a)(8).  If the appellant does not respond to the agency's evidence of compliance, the Board may assume that he is satisfied with the agency's actions and dismiss the petition for enforcement.

¶27    The agency is reminded that, if it fails to provide adequate evidence of compliance, the responsible agency official and the agency's representative may

be required to appear before the General Counsel of the Merit Systems Protection Board to show cause why the Board should not impose sanctions for the agency's noncompliance in this case. 5 C.F.R. § 1201.183(c). The Board's authority to impose sanctions includes the authority to order that the responsible agency official "shall not be entitled to receive payment for service as an employee during any period that the order has not been complied with." 5 U.S.C. § 1204(e)(2)(A).

¶28        This Order does not constitute a final order and therefore is not subject to judicial review under 5 U.S.C. § 7703(a)(1). Upon the Board's final resolution of the remaining issues in the petition for enforcement, a final order shall be issued, which then shall be subject to judicial review.


FOR THE BOARD:                          /s/ for
                                _____
                                Jennifer Everling
                                Acting Clerk of the Board
Washington, D.C.